## JOHN WALKER
*vs.*
## TOWN OF STRATFORD ET ALS.

Superior Court          Fairfield County          File No. 60510

MEMORANDUM FILED APRIL 7, 1941.

*John P. Flanagan,* of Bridgeport, for the Plaintiff.

*Pullman &.Comley,* of Bridgeport, for the Defendants.

FOSTER, J. The defendant owns land on the south side of Garden Street in Stratford, upon which it has erected and conducts a public school.

The plaintiff owns land adjacent and immediately east of the land of the defendant. Upon his land the plaintiff has erected a dwelling house in which he dwells with his family.

The land of the defendant is 18 inches to three feet higher than that of the plaintiff, and the natural grade of all the land in that vicinity and the grade of the street upon which the land faces ascend toward the west. The natural grade of the

land of the plaintiff and the defendant slopes down north to the street. For a number of years prior to the institution of this action the defendant had deposited cinders upon its land for the purpose of making the grade of its land level and for the further purpose of constructing a narrow road into the land. For a number of years cinders had been carried by wind and rain storms from the defendant's land on to the plaintiff's land, and the natural flow of water had been to some degree changed from its natural course to the street to a course that caused an unnatural and excessive flow of water from the defendant's land to the plaintiff's land. By reason of damage caused by the defendant in permitting cinders and excess water to be deposited upon the plaintiff's land, the plaintiff has expended $19.60. There is no evidence of any diminution in the value of the plaintiff's land. Since the time this action was instituted on August 22, 1940, the defendant has refrained from spreading cinders on its land.

The law applicable to this situation is that "A landowner is under no duty to receive upon his land surface water from the adjacent properties, but in the use or improvement of it he may repel such water at his boundary. On the other hand, he incurs no liability by reason of the fact that surface water falling or running onto his land flows thence to the property of others in its natural manner. But he may not use or improve his land in such a way as to increase the total volume of surface water which flows from it to adjacent property, or as to discharge it or any part of it upon such property in a manner different in volume or course from its natural flow, to the substantial damage of the owner of that property." *Tide Water Oil Sales Corp. vs. Shimelman,* 114 Conn. 182, 189.

An injunction may issue enjoining the defendant from so maintaining its land as to cause or permit cinders or ashes or water in excess of its natural flow to be deposited upon the land of the plaintiff.

Judgment may be entered that the plaintiff recover from the defendant damages of $19.60.